IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>v.<br><br>JOSE ARAMBULA,<br><br>Defendant/Petitioner. | Case No. 2:21-cr-20019-JAR<br>Case No. 2:25-cv-2413-JAR |

# MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Jose Arambula's pro se Motion Pursuant to Federal Rule of Civil Procedure 59(e) to Alter or Amend Judgment Denying Arambula's Motion to Vacate, Set Aside or Correct Pursuant to 28 U.S.C. § 2255 (Doc. 246). Having carefully reviewed Petitioner's motion, the Court is now prepared to rule. For the reasons explained below, the Court denies the motion.

## I. Procedural Background

In October 2023, Petitioner Jose Arambula pled guilty, without a plea agreement, to three charges: (1) conspiracy to distribute and possess with intent to distribute more than 50 grams of methamphetamine; (2) possession of methamphetamine with intent to distribute; and (3) use of a telecommunication device to facilitate drug trafficking.[1] The United States Probation Office thereafter prepared a Presentence Investigation Report ("PSR") that produced an advisory guideline recommendation of life imprisonment.[2] But before sentencing, Petitioner and the

[1] Docs. 137, 138.

[2] Doc. 178. The PSR resulted in a base offense level of 38, which increased to a total offense level of 45 after four enhancements and one reduction were applied. Petitioner objected to three of the offense-level enhancements: the firearm enhancement, the maintaining-a-drug-involved premises enhancement, and the aggravating-role enhancement.

Government entered into a post-conviction sentencing agreement jointly recommending that the Court calculate the advisory guideline range as 262 to 327 months, and sentence Petitioner to 222 months' imprisonment.[3] On July 24, 2024, the Court imposed the jointly-recommended 222-month sentence,[4] which Petitioner never directly appealed.

On July 28, 2025, Petitioner filed a motion challenging his conviction and sentence under 28 U.S.C. § 2255.[5] He asserted that his attorney, Norman Robb Edmonds, rendered ineffective assistance of counsel on three grounds: (1) failing to investigate the facts of his case and the factual basis for the guideline enchantments reflected in the PSR ("Ground One"); (2) failing to investigate the law governing his eligibility for First Step Act time credits before advising him to enter into the post-conviction sentencing agreement ("Ground Two"); and (3) misadvising him that the agreement would preserve his eligibility to earn those credits ("Ground Three"). The Court denied Petitioner's § 2255 motion without an evidentiary hearing,[6] finding that the motion and the filings and records of the case conclusively showed that Petitioner had failed to establish that Mr. Edmonds' deficient performance prejudiced him on any ground, as required under *Strickland v. Washington*.[7] On June 1, 2026, Petitioner filed the instant motion seeking to alter or amend this Court's order denying his § 2255 motion.[8]

## II. Legal Standard

[3] Doc. 179.

[4] Doc. 183.

[5] Doc. 229.

[6] Doc. 245.

[7] 466 U.S. 668 (1984). Because the Court held that Petitioner could not demonstrate prejudice, it concluded that analysis of Mr. Edmonds' performance under *Strickland* was unnecessary.

[8] Doc. 246.

Petitioner timely brings his motion pursuant to Fed. R. Civ. P. 59(e). "A Rule 59(e) motion . . . does not count as a second or successive habeas application" that requires prior authorization under § 2253(c) because the Rule "derives from a common-law court's plenary power to revise its judgment during a single short term of court, before anyone could appeal."[9] In other words, Rule 59(e) "gives a district court the chance 'to rectify its own mistakes in the period immediately following' its decision."[10]

Grounds warranting a motion to alter or amend under Rule 59(e) include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."[11] However, "[i]t is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."[12]

## III. Discussion

Petitioner seeks relief from the Court's denial of his § 2255 motion for three reasons: (1) the Court misapprehended the factual allegations of Ground One and erred by denying an evidentiary hearing to investigate those allegations; (2) the Court applied the wrong legal standard when dismissing Grounds Two and Three; and (3) the Court erred by denying a certificate of appealability. The Court will address each argument in turn.

First, Petitioner argues that the Court failed to credit or engage with the sixty-paragraph narrative in his § 2255 motion that supports Ground One. And he claims that the Court

[9] *Banister v. Davis*, 590 U.S. 504, 518, 521 (2020).

[10] *Id.* at 508 (quoting *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 450 (1982)).

[11] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citation omitted).

[12] *Id.*

improperly denied Ground One without a hearing under § 2255(b).[13] The Court disagrees. The Court did not misapprehend or fail to credit Petitioner's extensive narrative; instead, the Court found that the record conclusively demonstrated that those allegations were insufficient to demonstrate prejudice under *Strickland*. The prejudice prong of "*Strickland* asks whether it is 'reasonably likely' the result would have been different [without the ineffective assistance of counsel] . . . . The likelihood of a different result must be substantial, not just conceivable."[14]

According to Petitioner's § 2255 motion, had Mr. Edmonds investigated the facts contained in his sixty-paragraph narrative, Petitioner would not have entered into the post-conviction sentencing agreement, he would have negotiated a more favorable agreement or successfully contested the PSR at sentencing, he would have received a lower sentence, and then he would have qualified for First Step Act time credits.[15] As the Court held, this argument rests on a potential series of events that is conceivable, but not reasonably likely. And Petitioner fails to acknowledge that he would not have been facing 222 months' imprisonment at a hypothetical sentencing hearing; he would likely have been facing a recommended sentence of life imprisonment. The Court therefore finds that it did not clearly err by finding that the record conclusively demonstrated that Petitioner failed to prove prejudice under *Strickland*.

Second, Petitioner claims that the Court's reasoning for denying Grounds Two and Three rest on errors of governing law. For Ground Two, he contends that proving prejudice under *Strickland* in the plea agreement context only requires a defendant to show that he would have

---

[13] 28 U.S.C. § 2255(b) ("Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.").

[14] *Harrington v. Richter*, 562 U.S. 86, 111–12 (2011) (quoting *Strickland v. Washington*, 466 U.S. 668, 696 (1984)).

[15] Doc. 229 ¶¶ 197–207.

rejected the plea agreement he entered. For Ground Three, he contends that the Court improperly required him to prove that he would have been guaranteed First Step Act time credits. The Court applied the proper governing law.

In the plea agreement context, the applicable standard for proving prejudice under *Strickland* requires a defendant to show that "there is a reasonable probability that, but for [his] counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[16] Because "a defendant's say-so is not enough,"[17] this inquiry is objective and considers the factual circumstances surrounding the petitioner's plea, such as "his age, the length of the sentence he faced under the terms of the plea deal, the prospect of minimizing exposure to other charged counts, and so on."[18] The Court applied this standard to the sentencing agreement context of this case. Under this objective inquiry, the Court denied Grounds Two and Three because it was not reasonably likely that Petitioner would have rejected the sentencing agreement for several reasons.[19] First, a more favorable agreement was not available. Second, the alternative to the sentencing agreement was an advisory guideline range of life imprisonment; Petitioner could not show a reasonable probability that the Court would have sustained his objection to the managerial-role enhancement. And third, it was speculative to assume that Petitioner would earn First Step Act time credits but for the sentencing agreement. Thus, the Court applied the proper governing law.

Finally, Petitioner argues that the Court erred by denying a certificate of appealability. Rule 11 of the Rules Governing § 2255 proceedings directs the Court to issue or deny a

---

[16] *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

[17] *United States v. Dominguez*, 998 F.3d 1094, 1111 (10th Cir. 2021).

[18] *Heard v. Addison*, 728 F.3d 1170, 1183 (10th Cir. 2013).

[19] *See United States v. Arambula*, No. 2:21-cr-20019-JAR, 2026 WL 1162699, at *4–5 (D. Kan. Apr. 29, 2026).

certificate of appealability upon issuing a final adverse order. The Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."[20] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[21] Because the Court finds that its analysis was correct on the aforementioned issues, the Court also finds that its denial of a certificate of appealability was proper.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner Jose Arambula's Motion Pursuant to Federal Rule of Civil Procedure 59(e) to Alter or Amend Judgment Denying Arambula's Motion to Vacate, Set Aside or Correct Pursuant to 28 U.S.C. § 2255 (Doc. 246) is **denied.**

**IT IS SO ORDERED.**

Dated: October 13, 2026

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

[20] 28 U.S.C. § 2253(c)(2).

[21] *Saiz v. Ortiz,* 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke,* 542 U.S. 274, 282 (2004)).